United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-40544
Summary Calendar

DENNIS R. FLORES,

Plaintiff-Appellant,

versus

ALICIA ALVAREZ, Agent of the U.S. Government;
BYRON BARKER, Agent of the U.S. Government;
WILL BARKER, Agent of the U.S. Government;
DAVID DAY, Agent of the U.S. Government; ROBERT
DODGE, Agent of the U.S. Government; ROBERT DOVE,
Agent of the U.S. Government; JACK GEREN, Agent of the
U.S. Government; MICHAEL GIST, Agent of the U.S.
Government; SUSAN GOLDSMITH, Agent of the U.S.
Government; THOMAS HENNESSEY, Agent of the U.S.
Government; BARRY HERRERA, Agent of the U.S.
Government; DARRELL JAMES, Agent of the U.S. Government;
DAVID KLIMERK, Agent of the U.S. Government; ROBERT
KROGER, Agent of the U.S. Government; BRENT MCMICHAEL,
Agent of the U.S. Government; MICHAEL MORRIS,
Agent of the U.S. Government; JACKIE NORTHUP,
Agent of the U.S. Government; TED NORVELL, Agent of
the U..Government; KRISTI RYAN, Agent of the U.S.
Government; RAYMOND STRUCKER, Agent of the U.S.
Government; RUSTY TAYLOR, Agent of the U.S. Government;
KAREN THOMPSON, Agent of the U.S. Government; DENNIS
TRUCKENBROD, Agent of the U.S. Government; RONALD
WATSON, Agent of the U.S. Government; DOUGLAS WHITTEN,
Agent of the U.S. Government,

Defendants-Appellees.

Appeal from the United States District Court for
the Eastern District of Texas
(USDC No. 5:02-CV-199-DF)

Before REAVLEY, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Despite the number on the building, the location of the office to be searched was adequately described in the warrant. Thus, the district court properly dismissed the case as the complaint failed to allege with particularity that the defendant's conduct violated clearly established law. See Burns-Toole v. Byrne, 11 F.3d 1270, 1274 (5th Cir. 1994).

AFFIRMED.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.